**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4565**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL MCRAE, a/k/a Clyde McRae,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:04-cr-00295-3)

Submitted: December 22, 2006          Decided: January 17, 2007

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Charles Jones, Charlotte, North Carolina, for Appellant. Kimlani Murray Ford, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael McRae pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000). Because McRae was previously convicted of two felony drug offenses, the Government filed an information to seek enhanced penalties in accordance with 21 U.S.C. § 851 (2000). In compliance with the statutory mandatory minimum, the district court sentenced McRae to life in prison. See 21 U.S.C. § 841(b)(1)(A) (2000).

Counsel for McRae has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging McRae's sentence was unduly harsh. McRae filed a pro se supplemental brief claiming the Government should have moved for a downward departure of the mandatory minimum sentence, but refused to do so. We affirm.

After a review of the record, we conclude the life sentence imposed upon McRae was required by statute. Pursuant to 21 U.S.C. § 841(b)(1)(A), any person convicted of conspiracy to distribute the amount of cocaine base to which McRae pled guilty, and who has "two or more prior convictions for a felony drug offense," must receive a "mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A). While a district court may depart below the sentencing range established by the Sentencing Guidelines, such a departure may result in a sentence below the minimum term specified in the offense of conviction only

- 2 -

if permitted by law. 18 U.S.C. § 3553(e) (2000) (limiting authority of district court to depart below statutory minimum to cases in which the government has moved for such a departure on the basis of substantial assistance); United States v. Patterson, 38 F.3d 139, 146 n.8 (4th Cir. 1994) (observing that "[t]he district court could have sentenced below the statutory minimum only if this departure was based on the Government's motion for downward departure due to Defendant's substantial assistance"); cf. 18 U.S.C. § 3553(f) (2000) (safety valve provision) (limiting applicability of statutory minimum penalties for certain drug offenses when specified criteria are met); U.S. Sentencing Guidelines Manual § 5C1.2 (2005) (same).

In this case, there was no permissible basis for the district court to depart from the mandatory life sentence. The Government exercised the discretion reserved to it in the plea agreement and refused to make a substantial assistance motion because McRae refused to fully cooperate and violated the terms of his pretrial release by using drugs. Moreover, the safety valve provision did not apply because McRae had too many criminal history points. See 18 U.S.C. § 3553(f) (defendant may not have more than one criminal history point for safety valve provision to apply).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm McRae's conviction and sentence. This

court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -